UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CLIFFORD ANTHONY SCHOENING,

        Plaintiff,

v.

RACHEL MOLLOY et al.,

        Defendants.
_____/

Case No. 1:23-cv-860

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Wideman, Lambart, Washington, and "all medical staff known [and] unknown." Plaintiff's Eighth Amendment claim against Defendant Molloy for deliberate indifference to Plaintiff's thumb injury remains in the case.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues "RM14" Rachel Molloy, Unknown Part(y)(ies) named as "all medical staff known [and] unknown," MDOC Director Heidi Washington, Health Unit Manager Todd Lambart, and Nurse Practitioner Matthew Wideman.

Plaintiff alleges that he sustained a thumb injury while incarcerated at the Michigan Reformatory in August 2022. (Compl., ECF No. 1, PageID.1, 3.) On December 5, 2022, following Plaintiff's transfer to IBC, Defendant Wideman examined Plaintiff's hand and determined that Plaintiff had a "serious thumb injury and needed medical treatment." (*Id.*, PageID.3.) In a report, Defendant Wideman stated:

> "Pt. continues to have subluxations of the thumb which result[s] in decreased ability to do [activities of daily living (ADLs)] with the affected hand (carry items, trays, hold cup, brush teeth, etc.). Exam reveals very loose MCD joint of the left thumb. The joint easily subluxes (dislocates) with passive ROM, and patient has decreased grip strength w/ the left hand[. . . .] Requesting MRI for ligamentous laxity or instability."

(*Id.*) Upon receiving this report, Defendant Molloy, "acting in 1st level review," denied Defendant Wideman's request for "the MRI/surgery," explaining: "Based on the information provided, it appears this condition is not significantly interfering with [Plaintiff's] required ADLs." (*Id.*) Since the delay in medical treatment, Plaintiff has continued to experience "immense pain," and his thumb has become "more severely injured," causing Plaintiff to drop things, wake up in pain, and be unable to defend himself. (*Id.*)

On December 29, 2022, non-party Dr. Coleman ordered "conservative care and activity modification with a splint." (*Id.*) However, Defendants Lambart and Wideman, despite knowing

of Plaintiff's injury, did not provide Plaintiff with a splint. (*Id.*) Instead, Plaintiff was given Naproxan, which Plaintiff claims does not do enough to help. (*Id.*) "They" raised Plaintiff's dosage of Naproxan, but the Naproxan did not fully alleviate Plaintiff's pain. (*Id.*) Plaintiff avers that he has seen six physicians over the course of the past year for his thumb injury. (*Id.*)

Plaintiff seeks compensatory and punitive damages and injunctive relief.

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, the Court construes Plaintiff's complaint as bringing claims of Eighth Amendment deliberate indifference.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. It obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words,

4

the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal

courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

    A.    **Objective Component**

Plaintiff alleges that, since August 2022, he has suffered from a thumb injury that causes him "immense pain." (ECF No. 1, PageID.3.) He claims that at least one treating physician has determined that Plaintiff's injury requires an MRI and "medical treatment," including surgery (*id.*, PageID.2–3), and that the injury interferes with Plaintiff's ability to perform activities of daily living, such as carrying items, holding a cup, and brushing his teeth (*id.*, PageID.3). Taking these allegations as true, Plaintiff has satisfied the objective component of an Eighth Amendment claim. The Court will therefore address the subjective component of Plaintiff's claim as to each individual Defendant.

### B. Subjective Component

#### 1. Defendant Molloy

Plaintiff alleges that, despite being provided with information by Defendant Wideman that Plaintiff's thumb injury requires an MRI and possibly surgery and that it affects Plaintiff's ADLs, including Plaintiff's ability to carry items, including trays, hold a cup, and brush his teeth, Defendant Molloy refused to authorize treatment on the conclusion that Plaintiff's ADLs were not sufficiently affected. Plaintiff alleges that Defendant Molloy did not personally examine Plaintiff but arrived at this conclusion "acting in 1st level review" based upon Defendant Wideman's assessment. (ECF No. 1, PageID.3.) Taking Plaintiff's allegations as true, the Court will not dismiss Plaintiff's Eighth Amendment claim against Defendant Molloy on initial review.

#### 2. Defendants Wideman and Lambart

As explained below, Plaintiff does not allege facts that would demonstrate that Defendants Wideman and Lambart were similarly deliberately indifferent to Plaintiff's thumb injury. Plaintiff claims that Defendant Wideman examined Plaintiff and recommended an MRI and medical treatment, including surgery, for Plaintiff's thumb injury but that Defendant Wideman's initial recommendation was rejected by Defendant Molly "acting in 1st level review." (ECF No. 1, PageID.3.) Following Defendant Molloy's rejection, Defendants Wideman and Lambart took a more conservative course of treatment. Plaintiff claims that these Defendants did not provide Plaintiff with a splint, which non-party Dr. Coleman ordered, but they did provide Plaintiff with Naproxan for pain, increasing the dosage when necessary. (*Id.*) Although it is clear that Plaintiff may disagree with the conservative course of treatment implemented by Defendants Wideman and Lambart, "a patient's disagreement with his physicians [or other medical providers] over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citations omitted); *Mitchell*

8

*v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) ("[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." (citations omitted)). Furthermore, "a [medical providers]'s decision to reject another doctor's treatment recommendation in favor of his [or her] own 'does not amount to deliberate indifference where both recommendations are made by qualified medical professionals' and the prison doctor's decision [wa]s made for a medical reason." *Lloyd v. Moats*, 721 F. App'x 490, 495 (7th Cir. 2017) (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015)).

Plaintiff has not alleged facts that would plausibly suggest that the conservative course of treatment authorized by Defendants Wideman and Lambart was "so woefully inadequate as to amount to no treatment at all," particularly where Plaintiff alleges that the treatment evolved in an effort to take into account Plaintiff's needs. *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh*, 643 F.3d at 169). Therefore, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendants Wideman and Lambart.

### 3. Defendant Washington

Plaintiff claims that Defendant Washington knew or should have known that Plaintiff was not being provided with adequate medical treatment; however, Plaintiff makes no factual allegations against Defendant Washington in the body of the complaint.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir.

2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Here, Plaintiff fails to allege any facts from which the Court could infer how Defendant Washington was ever aware of, let alone involved in the provision of medical care to Plaintiff over the past year. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

To the extent that Plaintiff named Defendant Washington because of her position as MDOC Director, Plaintiff likewise fails to state a claim. Government officials, such as Defendant Washington, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th

Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Defendant Washington encouraged or condoned the conduct of her subordinates, or authorized, approved or knowingly acquiesced in the conduct. Indeed, as discussed above, he fails to allege any facts at all about her conduct. His vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendant Washington was personally involved in the events surrounding Plaintiff's medical care or lack thereof. Conclusory allegations of unconstitutional conduct without specific factual

11

allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Therefore, any claims against Defendant Washington are properly dismissed.

### 4. All Medical Staff Known and Unknown

Finally, when listing the Defendants in this action, Plaintiff included within the caption of his complaint "all medical staff known [and] unknown," and Plaintiff indicates in his list of "claim violations" that he seeks relief against other medical professionals "to be named, knew [sic], or should of [sic] known." (ECF No. 1, PageID.1, 4.) However, Plaintiff makes no factual allegations against these unnamed professionals.

Plaintiff is obligated to plead sufficient facts that would give each defendant fair notice of Plaintiff's claims and the grounds upon which they rest. *Twombly*, 550 U.S. at 555. As discussed in the preceding section, this requires that Plaintiff "allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman*, 529 F.3d at 684. Plaintiff's general reference to "all medical staff" is insufficient to state a claim for relief against any presently unknown staff member. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable" for the events described in the complaint.") The Court will therefore dismiss Plaintiff's claims against "all medical staff known [and] unknown."

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Wideman, Lambart, Washington, and "all medical staff known [and] unknown" will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claim against Defendant Molloy for deliberate indifference to Plaintiff's thumb injury remains in the case.

An order consistent with this opinion will be entered.

Dated:   October 16, 2023                                        /s/  Paul L. Maloney
                                                                                                    Paul L. Maloney
                                                                                                    United States District Judge