UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CLIFFORD ANTHONY SCHOENING,

                    Plaintiff,                          Case No. 1:23-cv-860

v.                                                      Honorable Paul L. Maloney

RACHEL MOLLOY et al.,

                    Defendants.
_____/

## ORDER LIFTING STAY AND FOR SERVICE

        This is a prisoner civil rights action. The Court previously referred the case to the *Pro Se*
Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case
for any purpose other than mediation. (ECF No. 5.) The case was removed from the early
mediation program on September 20, 2023, at Defendant Wideman's request. (*See* ECF No. 9.)
The Court then reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C.
§ 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which
relief could be granted or sought monetary relief against a defendant that was immune from such
relief. In a separate opinion and order, the Court partially dismissed Plaintiff's complaint for failure
to state a claim.

        Accordingly,

        **IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the
mediation is **LIFTED**.

        **IT IS FURTHER ORDERED** that, because the Court previously granted Plaintiff leave
to proceed *in forma pauperis* (ECF No. 5), Plaintiff is responsible for paying the entire $350.00

filing fee in installments, in accordance with 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff must pay the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). Accordingly, each month that the amount in Plaintiff's trust account exceeds $10.00, the agency shall collect 20 percent of the preceding months' income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee is paid.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendant Molloy in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that Defendant Malloy shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, Defendant Molloy is not required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After

Defendant Molloy has filed an appearance, proceedings in this case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case.


Dated:   October 16, 2023            /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge