UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD SCHOENING #496405,

    Plaintiff,                                     Hon. Paul L. Maloney

v.                                                 Case No. 1:23-cv-860

RACHEL MOLLOY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

**BACKGROUND**

Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility. The events giving rise to this action occurred at the Bellamy Creek Correctional Facility where Plaintiff was then incarcerated. Plaintiff initiated this action against: (1) MDOC Director Heidi Washington; (2) Health Unit Manager Todd Lambart; (3) Nurse Practitioner Matthew Wideman; (4) Rachel Molloy; and (5) unknown persons. (ECF No. 1). In his complaint, Plaintiff alleges the following.

-1-

On or about December 5, 2022, Plaintiff was examined by Defendant Wideman who concluded that Plaintiff had suffered a "serious thumb injury" for which Wideman recommended surgery. A physician, however, ordered "conservative care, activity modification, and a splint." Defendant Molloy ultimately rejected Wideman's recommendation that surgery was warranted, noting that Plaintiff's thumb injury was "not significantly interfering with" his activities of daily living. Defendants Lambart and Wideman later refused to provide Plaintiff with the prescribed splint without which Plaintiff's thumb injury continued to worsen.

Plaintiff alleged that Defendants exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Upon screening, Plaintiff's claims were dismissed save his deliberate indifference claim against Defendant Molloy who now moves for summary judgment on the ground Plaintiff failed to properly exhaust his available administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

-2-

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735.  Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  This obligation only extends, however, to such administrative remedies as are available.  *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W

(Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of her motion, Defendant has identified two grievances which Plaintiff initiated following the events giving rise to this action. (ECF No. 16, PageID.65-77). As discussed below, neither of these grievances serve to exhaust Plaintiff's remaining claim against Defendant Molloy.

  A.  Grievance IBC-23-06-1181-28k

Plaintiff submitted this grievance on June 12, 2023, alleging that he was improperly being denied access to the gym. (ECF No. 16, PageID.72). This grievance does not concern Plaintiff's remaining claim against Defendant Molloy and, therefore, cannot serve to exhaust such.

  B.  Grievance IBC-23-02-0340-28b

Plaintiff initiated this grievance on February 9, 2023, alleging that he was not receiving proper treatment for his injured thumb. (ECF No. 16, PageID.76). In his

grievance, Plaintiff does not identify any specific incident or encounter but instead merely advances a generalized claim regarding the alleged lack of treatment he has received over a roughly four-month period. Plaintiff's grievance also fails to specifically identify any medical provider or prison personnel. (*Id.*). Plaintiff's grievance was rejected because it "is vague as to what the main issue is or who you are grieving." (ECF No. 16, PageID.77). Plaintiff was also reminded that "[g]rievances need to state who, what, when, where, why and how." (*Id.*). Plaintiff pursued the grievance without success through Step III. (*Id.*, PageID.73-75).

This grievance fails to exhaust Plaintiff's remaining claim against Defendant Molloy for two reasons. First, Plaintiff's grievance was rejected as vague. This conclusion was reasonable. Because Plaintiff's grievance was reasonably rejected at all three steps of the grievance process, this grievance cannot serve to exhaust any claim asserted therein.

Second, even if Plaintiff's grievance had not been rejected, this grievance failed to put prison officials on notice that Plaintiff was asserting a claim against Defendant Molloy. To properly exhaust a particular claim, a step I grievance must provide prison officials "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Dykes v. Fuller*, 2020 WL 6257023 at *2 (6th Cir., July 10, 2020).

-7-

Defendant is not identified in the grievance and there is insufficient information or context from which prison officials could reasonably have been put on notice that Plaintiff's grievance was asserted against Defendant Molloy. It is important to note that this is not a circumstance in which Plaintiff submitted a grievance regarding a single, discreet incident. If such were the case, perhaps prison officials could have been expected to investigate the incident and attempt to learn the identity of the individuals involved. Instead, Plaintiff's grievance expressly concerned a roughly four-month period and alleged inadequate care by multiple care providers, none of whom are identified in Plaintiff's step I grievance.[1] No reasonable juror could conclude that Plaintiff's grievance put prison officials on notice that Plaintiff was asserting a claim against Defendant Molloy. Accordingly, this grievance cannot serve to exhaust Plaintiff's remaining claim against Defendant Molloy.

In sum, because Defendant Molloy has satisfied her burden on the exhaustion question, the undersigned recommends that Defendant's motion be granted and Plaintiff's remaining claims against Defendant Molloy be dismissed without prejudice for failure to exhaust administrative remedies.

---

[1] Plaintiff argues that identifying Defendant Wideman in his step II appeal warrants a different outcome. This argument fails because identifying Defendant Wideman is insufficient to put prison officials on notice that Plaintiff was asserting a claim against Defendant Molloy.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 16) be granted. Specifically, the undersigned recommends that Plaintiff's remaining claims against Defendant Molloy be dismissed without prejudice for failure to exhaust administrative remedies. For the same reasons the undersigned makes this recommendation, the undersigned recommends that an appeal of this matter would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 26, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge